IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE SUAREZ, #M1700, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:20-cv-01363-SMY |
| ) | |
| GOEINS, ) | |
| DOCTOR PITTMAN, ) | |
| DOCTOR AUSTIN, ) | |
| DOCTOR MALPANI, and ) | |
| ALOSON, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jose Suarez, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):[1] Plaintiff suffered an injury to his right knee in April 2019. He sought medical treatment from Nurse Practitioner Stover, Chief Administrative Office Brookhart, Dr. Pittman, Dr. Austin, and Dr. Malpani. Dr. Austin, a radiologist with OneRadiology, reviewed x-rays taken on April 11, 2019 and issued a report dated

---

[1] Facts are also taken from the documents attached to the Complaint, which are deemed incorporated therein. *See Sanders v. Bertrand*, 72 F.App'x 442, 445 (7th Cir. 2003) (citing *Int'l Mktg., Ltd v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999)).

April 15, 2019 noting: "Suspected osteochondral lesion along the medial femoral condyle. As clinically indicated, further evaluation with MRI may be considered." (Doc. 1, p. 26). Dr. Pittman, a physician at Lawrence, reviewed the April 11, 2019 x-rays and the and the April 15, 2019 radiologist's report. Dr. Malpani, a radiologist with OneRadiology, subsequently reviewed x-rays taken on April 11, 2019 and December 10, 2019 and issued a report dated December 12, 2019 noting: "Suspect osteochondral lesion along the medial femoral condyle. This could be more completely assessed with an MRI study." (*Id.*, p. 27). During November and December 2019, Dr. Malpani, Dr. Austin, Dr. Pittman, Aloson, and Warden Goeins failed to follow-up with further evaluation by MRI. Plaintiff continued to complain of pain in 2019 and 2020 but treatment was denied and delayed for his injury.

Plaintiff filed an emergency grievance in November 2019 (#11-19-348) requesting to be evaluated and treated for his knee injury by a specialist and/or off-site expert. (*Id.*, pp. 15-16). Warden Goeins denied emergency review and thereby failed to address Plaintiff's medical issue and to ensure that he received adequate medical treatment. Warden Goeins, Dr. Pittman, Dr. Austin, and Dr. Malpani retaliated against Plaintiff for the grievances he submitted over the denial of adequate medical care for his knee injury by refusing to grant the relief sought in grievance #11-19-348.

Plaintiff filed another emergency grievance on May 22, 2020 (#5-30-318) complaining about emergency review being denied for grievance #11-19-348 and explaining that he was continuing to suffer from pain at levels of 8 and higher due to a lack of medical treatment for his knee injury. (*Id.*, pp. 17-18, 36-37). Expedited review was granted for grievance #5-30-318. (*Id.*, p. 36).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment claim against Dr. Pittman, Dr. Austin, Dr. Malpani, Warden Goeins, and Aloson for exhibiting deliberate indifference to Plaintiff's serious medical needs related to the injury to his right knee. |
| Count 2: | First Amendment retaliation claim against Dr. Pittman, Dr. Austin, Dr. Malpani, and Warden Goeins for denying and/or delaying medical treatment for Plaintiff's knee injury in retaliation for Plaintiff filing a grievance. |

Any other claim that is mentioned in the Complaint is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Preliminary Dismissals

Because Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption, claims against any individuals not identified as defendants in the case caption are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding *pro se* Complaint failed to state a claim against individual mentioned in body of Complaint but not specified in the caption). Therefore, Plaintiff fails to state a claim as to individuals referred to in the statement of claim that are not named as defendants in the case caption.

## Discussion

### Count 1

Prison officials and medical staff violate the Eight Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical

needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[T]he existence of chronic and substantial pain" is an objectively serious medical condition in and of itself. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). And, "delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). "[D]eliberate indifference may [also] be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Plaintiff's allegations are sufficient to proceed on an Eighth Amendment claim against Dr. Pittman and Warden Goeins, but not against Dr. Austin, Dr. Malpani, or Aloson. There are specific allegations that are sufficient to show Dr. Pittman and Warden Goeins' involvement in the alleged constitutional deprivations. However, the general allegations made against all the Defendants are not sufficient to state a claim against Dr. Austin, Dr. Malpani, or Aloson. Aloson is identified as an employee but there is no explanation as to what role he played in Plaintiff's medical care or how he was otherwise deliberately indifferent to Plaintiff's medication condition. The attachments to the Complaint show that Drs. Austin and Malpani, who are radiologists with OneRadiology, did nothing more than review x-rays on one occasion each. There is no indication that Drs. Austin or Malpani were involved in Plaintiff's ongoing medical care or had the authority to order Lawrence or Dr. Pittman, who was the treating physician, to provide Plaintiff with an MRI or any other medical care.[2] Because there is nothing to suggest that Drs. Austin or Malpani were deliberately

---

[2] There appears to be an issue as to whether Drs. Austin and Malpani are state actors, which is required for § 1983 liability. Plaintiff did not plead any facts on this issue. "When a plaintiff brings a section 1983 claim against a

4

indifferent to Plaintiff's serious medical needs, he fails to state a viable claim against them; they will be dismissed from the case.

**Count 2**

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Plaintiff states a plausible retaliation claim against Dr. Pittman and Warden Goeins. However, he fails to state a claim with respect to Drs. Austin or Malpani. As previously noted, there is no indication that Drs. Austin or Malpani were involved in Plaintiff's ongoing medical care or had the authority to order Lawrence or Dr. Pittman to provide Plaintiff with an MRI or any other medical care. Further, there is no indication that Drs. Austin or Malpani, who work for OneRadiologist, would have been aware of any grievances filed by Plaintiff. Count 2 will therefore be dismissed as to Drs. Austin and Malpani.

---

defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822–23 (7th Cir. 2009). "This requirement is an important statutory element because it sets the line of demarcation between those matters that are properly federal and those matters that must be left to the remedies of state tort law." *Id.* at 823.

**Disposition**

The Complaint survives preliminary review under 28 U.S.C. § 1915A as follows: The Eighth Amendment deliberate indifference to serious medical needs claim in **Count 1** will proceed against Dr. Pittman and Warden Goeins but is **DISMISSED** without prejudice as to Dr. Austin, Dr. Malpani, and Aloson. The First Amendment retaliation claim in **Count 2** will proceed against Dr. Pittman and Warden Goeins but is **DISMISSED** without prejudice as to Dr. Austin and Dr. Malpani. Accordingly, Defendants Dr. Austin, Dr. Malpani, and Aloson are **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants. Any other claim that is mentioned in the Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted.

The Clerk of Court shall prepare for Defendants Dr. Pittman and Warden Goeins: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a **continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address**; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* **Fed. R. Civ. P. 41(b).**

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  May 3, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.